# Gosdin *v.* Williams, *et al.*

*Trespass to Realty.*

(Decided July 2, 1907.   44 South. 611.)

1. *Trespass; Defense; Highways; Evidence.*—It was no defense to an action of trespass to land that there was a road running across the land which had been used by the public for forty years or more, where the evidence showed that defendant went outside of the old road and made a new way across the land and cut trees down in so doing.

2. *Highways; Establishment; User.*—The mere use of land for the purpose of a road for a long period of time raises no presumption of adverse claim or claim of right to use it in the absence of evidence showing an establishment of the road by dedication or by order of the Commissioner's Court.

3. *Trespass; Evidence; Notice.*—Evidence of the fact that plaintiff had notices posted forbidding trespassing on the land or the use of the road, and that defendant saw the notices and understood or read them, was admissible on the question of defendant's permissive use and as to the character of the trespass.

4. *Same; Knowledge.*—It was immaterial that defendants did not know the land line and did not know they were on plaintiff's land as a defense to an action for trespass on the land.

5. *Evidence; Conclusion of Witness.*—A witness should testify as to facts tending to show how the land was damaged but cannot state that the land was damaged as that is a question for the jury.

6. *Trespass; Damages; Injury to Land; Measure.*—The measure of damages in trespass to land is the difference in the value of the land before and after trespass, when the injury is to realty itself.

7. *Same; Evidence.*—Where the evidence tended to show a trespass by the defendant on plaintiff's land and the cutting of gullies along the alleged road, the condition of the land before and after the gullies were cut, the value of the land, and the other particulars to assist the jury in forming a correct opinion as to whether or not the entire tract was injured, was admissible in evidence.

8. *Same.*—Plaintiff is not confined to proof of the value of the land that was actually gone over.

9. *Witnesses; Cross Examination.*—Where witness for defendant had stated that they did not know when they were on plaintiff's land and when on the land of another, it was proper to permit the question on cross examination if they tried to find whose land they were on.

10. *Same; Bias.*—Where a witness testified with reference to the conversion of timber, defendants had removed from plaintiff's

[Gosdin v. Williams, et al.]

land, it was proper as tending to show bias and as affecting the witness' credibility to introduce evidence showing that plaintiff had a suit pending against witness.

11. *Trial; Order of Proof; Rebuttal.*—Where a diagram was properly a part of plaintiff's main case, it was within the trial's court discretion to permit it to be offered in rebuttal, and its exclusion was not error.

APPEAL from Coosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Mrs. S. F. Gosdin against A. J. Williams and others, for damages for trespass to land. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

D. H. RIDDLE, for appellant.—Proof of notices of warning stuck up was permissible if followed up by showing that defendants knew of the notices or understood them, as affecting the measure of damages, and as showing the character of the trespass.—*Brinkmeyer v. Bethea*, 139 Ala. 376; *White r. Yawkey*, 108 Ala. 270; *Leinkauf r. Morris*, 66 Ala. 406; *Garrett v. Sewell*, 108 Ala. 50. A witness cannot state his conclusions as to the damages.—*H. A. & B. Co. v. Matthews*, 99 Ala. 24. Counsel discusses other assignments of error but cites no authority.

No counsel marked for appellee.

DENSON, J.—This is an action by Mrs. S. F. Gosdin against A. J. Williams, Davis Ogburn, asd James McLeod for trespassing on certain lands of the plaintiff "by running drays across the lands and cutting them up." The case was commenced in the justice court, and in that court the plaintiff recovered judgment against the defendants Williams and Ogburn, and they appealed to the circuit court. In the circuit court, at the conclusion of the evidence, the court, at the request of the de-

38 R

fendants in writing, charged the jury affirmatively in their favor. A verdict was returned in favor of the defendants, and from the judgment rendered on the ver dict the plaintiff took the present appeal.

We have not been furnished with a brief by the appellees, and must confess that we are unable to discover the theory on which the affirmative charge was given for the defendants. The evidence without conflict showed title and possession to and of the locus in quo in the plaintiff; and, if it should be conceded that it would be a good defense to show that defendants traveled only in a road that ran across plaintiff's land and which had been used by the public for 40 years, yet there is evidence in the record which not only tends to show that defendants traveled outside of that road with the drays, but that they made a new way on plaintiff's land, and in doing so cut trees 10 inches in diameter. But the strongest evidence in respect to the "old road" across the land being a public road by prescription is that given by Z. D. McCord for the defendants, and it is apparent that all that he said may be true, and yet not be sufficient to overcome the presumption that the use of the road across the lands of the plaintiff was merely permissive. There is an absence of evidence to show that the road was legally established, either by an order of court or by dedication; and the mere use of land for the purpose of a road carries with it no presumption of adverse claim or claim of right to use it.—*Rosser v. Bunn,* 66 Ala. 89; *Harper's Case,* 109 Ala. 66, 19 South. 901; *Stewart v. Conley,* 122 Ala. 179, 27 South. 303; *Trump v. McDonnell,* 120 Ala. 200, 24 South. 353; *Whaley v. Wilson,* 120 Ala. 502, 24 South. 855; *Jones v. Bright,* 140 Ala. 268, 37 South. 79; 22 Am. & Eng. Ency. p. 1200 (9); Id. p. 1220 (4); Id. p. 1221 (6).

If the plaintiff had notices posted on the land forbidding the use of the road or trespassing on the land, and it can be shown that the defendants saw the notices and understood them or read them, this is competent evidence, both in respect to the question of the use of the road being merely permissive and to the character of the trespass.—*Owen's Case,* 74 Ala. 401; *Watson's Case,* 63 Ala. 20; *Harper's Case,* 109 Ala. 33, 19 South. 857; 22 Am. & Eng. Ency. 1224.

In this action it is of no consequence that the defendants did not know the land lines and were under the impression that they were on another's than the plaintiff's land. They might in good faith have believed the land they were on was Gilbert's land, and still they would be liable for all actual damages done by them to the plaintiff's land.

Whether or not damage resulted to the land by the acts of the defendants was a question to be determined by the jury, and to allow a witness to testify that the land was damaged would be the substitution of the opinion of the witness for the conclusion to be reached by the jury from facts which should be detailed by witnesses.—*Central of Georgia Ry. Co. v. Keyton,* (Ala.) 41 South. 918, and authorities there cited. The trial court may find a sufficient guide in ruling on evidence in respect to damages done the land in the case of *Hames v. Brownlee,* 62 Ala. 277.

The rule of the admeasurement of damages in trespass to realty when the injury is the realty itself, is the difference in the value of the land before and after the trespass.—*Brinkmeyer v. Bethea,* 139 Ala. 376, 35 South. 996. Whether or not the gulleys cut along the roadway affected the value of the entire tract ·was a question of legitimate inquiry, and one to be determined by the jury; and while it could not be proved by the

opinion of a witness, as was attempted by the plaintiff, yet the witness might state the condition of the land before and after the gulleys were cut, if they were cut, its value, and such other particulars and facts as would enable the jury to form a correct opinion of their own as to whether or not the entire tract was affected.— *Hames v. Brownlee, supra.*  In this respect the trial court fixed too narrow a limit in confining the plaintiff to proof of the value of the land that was actually run over by the drays—the actual track of the drays.

The defendant Williams, in behalf of the defendants, having testified that they did not know when they were on plaintiff's land and when they were on Gilbert's land, the court erred in not allowing the plaintiff on cross-examination to ask him:  "Did you try to find out whose land you were on?"

If the plaintiff had a suit pending against the witness Z. D. McCord, who testified for the defendants for conversion of the timber that the defendants removed from the lands of plaintiff, it was competent evidence to go before the jury as affecting the witness' credibility—to show bias.  But the form of the question put to McCord does not necessarily imply that the suit was by the plaintiff, hence error cannot be predicated of the ruling of the court in respect to that matter.

The ruling of the court disallowing the introduction of the diagram in evidence may be justified on the fact that such evidence was not in rebuttal, and was not offered until after the defendants had closed their evidence.  In this state of the case it was matter within the discretion of the court to allow or not allow the diagram in evidence.

We have not noticed the numerous errors assigned in respect to the rulings of the court on objections to evidence in detail.  To do so would extend this opinion to

too great length, without corresponding benefit to the trial court in the future; but we have noticed those which are material and affect the merits of the case, and what has been said will be a sufficient guide for the trial court when the cause is again tried.

A number of charges were refused to the plaintiff, each of which has been assigned as a separate and distinct ground of error; but the reference made by appellant's counsel in his brief to those grounds of error cannot be construed as an argument or insistence, and, following the long-established rule of this court, we pass them out of view without consideration.—2 Mayfield's Dig. p. 133 (2).

The affirmative charge should not have been given for the defendants.

Reversed and remanded.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.