# Cochran, *et al. v.* Purser.

## *Bill to Enjoin Interference With a Public Alley.*

(Decided July 2, 1907.  44 South. 579.)

1. *Equity; Pleading; Demurrer; Ground; Motion to Dismiss.*—A bill to enjoin the obstruction of an alley charged that it was a public alley for more than twenty years before the filing of the bill, and had been and continued in general public use for more than twenty years prior to the time when respondent acquired title to the adjoining land.  Held, that the allegation as to the general public character of the alley was demurrable as stating a conclusion rather than a fact, yet, it was an amendable defect, and, therefore, sufficient against an attack on motion to dismiss for want of equity.

2. *Dedication; Use of Way; Prescription.*—The mere use of a way by the public will not create a presumption of dedication without some unequivocal act manifesting an intention to dedicatee, yet, if a way over reclaimed land is left open to the public use and is used by the public for a highway, such use may constitute the beginning of a prescriptive right of way, and if continued without interruption for twenty years, is sufficient to raise a presumption of dedication or grant to the public.

APPEAL from Tuscaloosa Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by H. H. Cochrane, and others against Mrs. S. A. Purser, to prevent and enjoin the excavation, obstruction, building upon or otherwise interfering with a public alley.  From a decree dismissing the bill on motion for want of equity complainants appeal.  Reversed and rendered.

HENRY FITTS, for appellant.—The bill sufficiently shows by its allegations a prescriptive highway.—*Hoole v. Attorney General*, 22 Ala. 190; *Rosser v. Bunn, et al.*, 66 Ala. 89; *N. & O. & S. R. R. Co. v. Jones*, 68 Ala. 48; *Steele v. Sullivan*, 70 Ala. 589; *W. Ry. of Ala. v. A. G. T. R. R. Co.*, 96 Ala. 272; Elliott on Roads, §§ 169-170

[Cochran, et al. v. Purser.]

178. A court of chancery has jurisdiction to enjoin a public nuisance and the permanent obstruction of a public way.—*Demopolis v. Webb*, 87 Ala. 659; *Reid v. Birmingham*, 92 Ala. 339; *First Nat. Bank v. Tyson*, 133 Ala. 459; s. c. 144 Ala. 457.

MAYFIELD & VERNER, for appellee.—In order to accomplish the purpose of the bill a dedication must be shown or that an easement has been acquired by adverse use or prescription.—*Steele v. Sullivan*, 70 Ala. 589; *Jesse French Co. v. Forbes*, 135 Ala. 227; *Jones v. Bright*, 140 Ala. 268. This is not shown by the allegations of the bill. The use is presumed to be permissive and not adverse.—Authorities supra. An easement in the unobstructed passage of light and air cannot be acquired by prescription in this state.—*Jesse French v. Forbes, supra*. The bill cannot be amended to meet the defects without the averments of new, additional or independant facts.—*Blackburn v. Fitzgerald*, 130 Ala. 584; *Stevenson v. Atlas Coal Co.*, 41 South. 301.

SIMPSON, J.—The bill in this case was filed by the appellants against appellee, and sought to enjoin appellee from excavating, obstructing, building upon, or otherwise interfering with a public alley. The bill alleges that complainants' property lies immediately "along a public alley," describing it; that said alley has "from time immemorial   *   *   *   been in general use by the public"; that it "has existed as a passageway, open to and in general use by the public, for so great a length of time that the memory of man runneth not to the contrary"; that "it has existed as a public alley for more than 20 years before the filing of the bill, and had been continued in general public use for more than 20 years prior to the date at which the respondent acquired title."

[Cochran, et al. v. Purser.]

The appeal is from the decree granting the motion to dismiss the bill for want of equity.

This court has said, where a bill alleged that the road which was obstructed was a "public" highway, and failed to allege other facts showing that such was its character ,that, while that expression was a "mere conclusion of the pleader and would doubtless be subject to demurrer," yet the bill was "sufficient to withstand the attack made by the motion to dismiss for want of equity," as "it is an amendable defect."—*Jones, et al. v. Bright*, 140 Ala. 268, 271, 37 South. 79.

While the mere use of a way by the public for a period less than 20 years would not create the presumption of a dedication, without some act, clear and unequivocal, amounting to an explicit manifestation of an intention to dedicate it to the public, yet, if a way over reclaimed lands is left open for use by the public, and is used by the public as a highway, this may constitute the beginning of a prescriptive right of way, and, if continued without interruption for 20 years, the presumption is raised of a dedication or grant to the public.—*Hoole & Paulin v. Attorney General*, 22 Ala. 190, 196; *Rosser v. Bunn & Timberlake*, 66 Ala. 89, 95; *Steele v. Sullivan*, 70 Ala. 589, 594; *N. O. & S. R. R., etc., Co. v. Jones*, 68 Ala. 49, 55; *Western Railway of Ala. v. Alabama Gr. R. Trunk R. K.*, 96 Ala. 272, 279, 11 South. 483, 17 L. R. A. 474; *Livingston v. Mayor of New York*, 8 Wend. (N. Y.) 85 Am. Dec. 623, 630, et seq.; Elliott on Roads & Streets (2d Ed.) § 169, et seq.; 9 Am. & Eng. Ency. Law, p. 66 et seq. As to whether the character of the use, in this case, was such as to create the presumption of dedication, or was merely permissive, must depend on all the facts and circumstances as developed in the evidence.— *Jesse French, etc., Co. v. Forbes, et al.*, 129 Ala. 471, 29

[McDonald v. Cawhorn.]

South. 683, 87 Am. St. Rep. 71; s. c. 135 Ala. 277, 283, 33 South. 183, and cases cited supra.

The decree of the court is reversed, and a decree will be here rendered overruling the motion to dismiss the bill for want of quity.

Reversed and rendered.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.