# Cochran *et al. v.* Purser.

## *Bill for Injunction and Damages.*

(Decided April 21, 1909. Rehearing denied May 11, 1909. 49 South. 353.)

1. *Dedication; Use of Way; Prescription.*—The evidence in this case examined and held insufficient to show such a continuous use of an alleyway by the public as to create the presumption of a dedication.

2. *Same; Nature of Use.*—The right to use of land as an alley or highway cannot be acquired if the same is used only at intervals, and in recognition of the owner's right to terminate such use at any time.

APPEAL from Tuscaloosa Chancery Court.

Heard before Hon. A. H. BENNERS.

[Cochran, et al. v. Purser.]

Bill by R. H. Cochran and others against S. A. M. Purser, to restrain her from excavating, obstructing, building on or otherwise interfering with a certain alley, and upon reference to ascertain what damage has been done complainant, by the excavation and cutting away already accomplished. Judgment for respondent and complainant appeals. Affirmed.

See also in this connection, the former report of this case, in 152 Ala. 354; 44 South. 579.

HENRY FITTS, for appellant.—The equity of the bill is established on former appeals.—*Cochran v. Purser,* 152 Ala. 354. The general and uninterrupted use by the public for the prescriptive period of twenty years dispenses with affirmative proof of hostility between the claims of the public, and the intention of the owner. The presumption is different after than before the twenty years elapse.—*Jones v. Bright,* 140 Ala. 271; *W. Ry. of Ala. v. A. G. T. Ry.,* 96 Ala. 272; *Rosser v. Bond,* 66 Ala. 88; *Ry. v. Jones,* 68 Ala. 48; *Steele v. Sullivan,* 70 Ala. 589; 10 L. R. A. 484, and monograph note; Elliott on Roads & Streets, Sec. 169, 170, 178. For further authority on this proposition, see.—14 Cyc. 1196, and 17 Cent. Dig. sec. 89, and authorities there cited. No limitations run against the public.—*Demopolis v. Webb,* 87 Ala. 659. Even if the alley be not a public one, the respondent could work out no destruction of it except through a possession or obstruction which prevented its enjoyment.—14 Cyc. 1195, and authorities cited.

JAMES J. MAYFIELD, and C. B. VERNER, for appellee.—The English doctrine of ancient lights finds no sanction in our jurisprudence.—*Ward v. Neal,* 37 Ala. 550; 35 Ala. 602; *French v. Forbes,* 129 Ala. 577. The user was not such as to give the public a prescriptive right to the

alley in question.—*French v. Forbes, supra;* Jones on Easements, sec. 164. No easement can be acquired when the use is by express or implied permission.—Jones on Easements, sec. 179, 180; *Steele v. Sullivan,* 70 Ala. 589. There must be an invasion of the other's rights.—*Round-tree v. Brantley,* 34 Ala. 544; *Arnold v. Stevens,* 41 Pick. 106.

ANDERSON, J.—There is no doubt as to the existence of an alley between the building of the complainants and the Washington Hotel before it was torn down. There is no proof, however, of any dedication of said alley by any one unless a dedication is to be concluded by a prescriptive right or user for 20 uninterrupted and consecutive years. This court stated upon the former appeal of this case (152 Ala. 354, 44 South. 579) the rule as to the presumption of a dedication, and that the user of the alley had to continue uninterrupted for 20 years before the presumption of a dedication would arise. The record presents a good deal of evidence as to the existence of this alley since 1836, and some of the deeds confine the boundary of the respondent's lot to said alley, while the one executed by Miller in 1879 conveys the alley with the lot, but without warranty as to said alley. There is no proof, however, of the uninterrupted and continuous use of this strip as an alley by the public for 20 consecutive years, and especially during the past 30 years. The witnesses Neilson, Cribbs, and Fitts testify that it was open at intervals from 1836 to the time of testifying, yet they do not, singly or collectively, show an unbroken and continuous use of same by the public for 20 consecutive years. Indeed, the only use shown of said alley was by the occupants of the adjoining building, rather than the general public. It may have been open, and yet like other vacant property,

gone over by some, and not converted into a public high-
way. Cribbs testified to the alley from 1848 to 1860,
Neilson from 1836 to 1846, and Fitts to several years
before the war and when he was a boy. Walker testi-
fied that it was open and used when he was a boy before
the war, and that it was open and unobstructed from
1866 until the erection of the steps to the Washington
Hotel. He does not account for its condition between
when he was a boy before the war and 1866. Ryan, one
of the complainants' witnesses, admitted that it was
fenced as far back as 1874 or 1875, and nearly all of the
complainants' witnesses admit that the alley was closed
or obstructed most of the time since 1879. On the other
hand, the respondent shows color of title and posses-
sion since 1879, and negatives any but a mere permissive
use of the alley by any one during that time, and shows
that it was obstructed by a stairway all of this time, and
was actually closed by a fence or billboard most of the
time. Frank L. Moody testified that there was a fence
across the alley before they bought the property in 1879,
and the fact that Miller included the alley in his deed,
whether with or without a warranty, is a circumstance
tending to show that he did not acquiesce in any claim
of any one to the alley as a highway or private way.
Moody also says that the fence was kept up by him and
the respondent, as best they could, and that the gate
was put there at the request of one of complainants'
grantors and predecessors in possession, and as a matter
of accommodation, that said predecessor, Brady, got his
permission to place the billboards across the alley; and
these facts are not denied by Brady, who testified as a
witness for complainants. The proof also shows that,
while the alley was open at intervals between 1836 and
1879, it was closed most of the time since 1879 by the
respondent or her agent, and that the use of same by
any one else was permissive or passive rather than ad-

verse. We think that the proof is not sufficiently satisfactory to show such a use of the alley as will create the presumption of a dedication to the public of this strip as a highway. Indeed, there is no proof that the city used or treated it as such except to remove garbage therefrom, and which was doubtless done from all parts of the city, whether in the highways or upon private premises. The marshal did repair respondents' fence a few years ago, but did so at the request of one of the complainants, who seems to have been as much interested in keeping the alley closed as the respondent. Nor do we think that the complainants have acquired a right of way by prescription, aside from the public generally. They bought the property in 1902, and the proof shows that the alley has been in the possession and control of the respondent since 1879, and that the use of same by complainants' predecessors since that time was not only permissive and at intervals, but in recognition of the respondent's right to terminate the use of same.—*Stein v. Daham*, 96 Ala. 481, 11 South. 597.

The decree of the chancery court is affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.

