[Merchant, et al. v. Markham.]

# Merchant, *et al. v.* Markham.

*Bill to Remove Obstruction Across a Road.*

(Decided Jan. 12, 1911. 54 South. 236.)

1. *Highways; Establishment; Obstruction; Evidence.*—In determining whether a road is considered a public road and whether it was obstructed the fact of the erection of the fence across the road with a gate therein is proper for consideration, since the fence even with the gate constituted an obstruction.

2. *Same; Establishment; Prescription.*—While the doctrine of prescription applies to the establishment of public roads, it must be shown in addition to continuous user for twenty years, that the use was a matter of right and not merely permissive, since mere user without proof that it was adverse under a claim of right is not sufficient.

3. *Same; Evidence; Sufficiency.*—The evidence in this case stated and examined and held consistent with a permissive user and therefore, not to show the adverse use of the road by the public, so as to make it a public highway by prescription.

4. *Dedication; Evidence.*—The mere use of a road without proof tending to show that the use was adverse under a claim of right does not raise a presumption of dedication.

APPEAL from Lamar Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by C. L. Merchant and others against R. L. Markham to remove an obstruction across a road claimed to be a public highway, and to enjoin the obstruction of the same. Decree for respondents and complainants appeal. Affirmed.

WILSON KELLY, and THETFORD & McKENZIE, for appellant. The bill contained equity as an obstruction to the public highway was shown.—*Hoole v. Attorney General,* 22 Ala. 190. The allegations were sufficient to show special injury to the complainant.—*Cabbell v. Williams,* 127 Ala. 320; *First Nat. Bank v. Tyson,* 133 Ala. 459. By a twenty years adverse user the public

acquire the right to use a road as a highway.—*Rosser v. Bunn,* 66 Ala. 89.

WALTER NESMITH, for appellee. It was necessary to show that the road was public, and that the obstruction was of special or particular injury to the complainant. This was not done.—*Whaley v. Wilson,* 120 Ala. 502; *Wall v. Smith & Co.,* 52 So. 320. Nothing was shown authorizing appellant to have this road open by prescription.—*Troop v. McDonald,* 120 Ala. 200; *Hix Bros. v. Swift. C. M. Co.,* 133 Ala. 411. Notice of adverse use must be brought to the knowledge of the owner of the land before prescription begins to run. —19 A. & E. Enc. of Law, p. 12; *Pioneer M. & M. Co. v. Shamblin,* 140 Ala. 486, and authorities supra.

SIMPSON, J.—This is a bill filed by the appellants against the appellee, to remove obstructions across a road claimed to be a highway, and to enjoin the respondent from obstructing the same. The principal point of controversy is whether or not the road in question is a public road. It has never been taken charge of by the county authorities, or worked by the forces under the overseer of roads. On the contrary, it is in evidence that at one time an application was made to the commissioners' court to open it as a public road, and the same was refused.

The evidence tends to show that, for 20 years or more, persons living in that neighborhood were in the habit of passing over said road; that slight changes were made in it by persons owning lands along it. It is not shown by the evidence how long the lands contiguous to the road were open wood lands, nor how long lands along it have been cultivated. There is no proof of any distinct claim by those who have traveled over the road, of a right adverse to the owner of the land, but

[Merchant, et al. v. Markham.]

the evidence is consistent with a permissive use. It is in evidence that 10, 12, or 14 years before this suit the complainant built a fence across another part of this same road, but had a gate through which persons could pass. While the mere fact of an intrusion on a public road by one party would not be any excuse for an obstruction erected by another, yet this is a circumstance proper to be considered in determining whether or not the road was considered a public road, for even though there was a gate provided yet such an erection would be an obstruction across a public road. It is shown that said fence and gate remained across said road, until a no-fence law was enacted about 10 years before the institution of this suit. It is shown that the defendant erected a fence across the road above three years ago, and afterwards, on application of one of the neighbors, agreed that a gate might be placed so that the neighbors could pass through. He also built a barn across the road, but travelers could pass either around the barn, or through its hallway.

The doctrine of prescription applies to public roads, but when a public road is sought to be declared, by prescription, the burden is on the complainant to show, not only the continuous user for 20 years, but that the road was used as a matter of right, and not merely by permission of the landowners. Indeed, when there are certain statutory requirements for establishing public roads, and when the overseers of roads may be required to work all public roads, it would seem that, in the absence of any recognition by the public authorities, it would take very clear proof to rebut the presumption that a user is merely permissive in this country where it is common knowledge that roads are frequently used, merely as a matter of convenience, and with no intention of their being dedicated to the public, not only

through open, unimproved lands, but also through large farms and plantations.

The Supreme Court of Massachusetts has said that "merely from using what is open to use, without more, no presumption arises that the use is adverse"; also that, while it is not easy to express in what particular manner the assertion of right should be shown, "nevertheless the fact must exist that the way is used as a public right, and it must be proved by some evidence which distinguishes the use relied on from a rightful use by those who have a right to travel over a private way, and also from a use which is merely casual or incidental or permissive."—*Sprow v. Boston & A. R. Co.*, 163 Mass. 330, 340, 39 N. E. 1024, 1025.

The Supreme Court of Nebraska holds that, in order to establish a public road by prescription, "the use by the public must be under a claim of right distinctly manifested by some appropriate action on the part of the public authorities."—*Hill v. McGinnis et al.*, 64 Neb. 187, 189, 89 N. W. 783, 784, 785.

Says Elliott: "Before a highway can be established by prescription, it must appear that the general public, under a claim of right, and not by mere permission of the owner, used some defined way without interruption or substantial change, for a period of twenty years or more."—Elliott on Roads and Streets, page 137.

While a number of the cases decided by our own court relate to roads claimed over uncultivated lands, yet the later cases lay down the principle generally, in accordance with the best-considered cases in other states, that the mere use of a road, without proof tending to show the adverse user under claim of right, does not raise a presumption of dedication or the establishment of a public road, and, in view of the known usage of the country, we hold that the evidence in this case

is consistent with a user by permission, and does not warrant a holding that the road in question is a public road.—*Gosdin v. Williams et al.,* 151 Ala. 592, 594, 44 South. 611; *Jones v. Bright,* 140 Ala. 268, 271, 37 South. 79; *Trump v. McDonnell,* 120 Ala. 200, 203, 204, 24 South. 353; *Whaley v. Wilson,* 120 Ala. 502, 504, 505, 24 South. 855; *Harper v. State,* 109 Ala. 66, 68, 69, 19 South. 901; *Rosser v. Bunn & Timberlake,* 66 Ala. 89, 94, 95.

The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.