# Florence Land Co. *v.* City of Florence.

*Bill to Enjoin Use of Public Park.*

(Decided April 8, 1915. Rehearing denied May 20, 1915.
69 South. 109.)

*Bill; Conclusion.*—An allegation in a bill that property is public property, is the mere conclusion of the pleader; hence, an allegation that there was a tract of public ground to which the public was entitled to resort without further averment of fact to sustain such averment, is demurrable as stating only the conclusions of the pleader.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by the city of Florence against the Florence Land Company to enjoin the use of a public park by the land company. From a decree overruling demurrer to the bill, respondent appeals. Reversed and remanded.

The allegations of the bill sufficiently appear. The grounds of demurrer were as follows: "(13) The bill does not allege or show the facts from which the court is to determine that the alleged park is a public park.

"(14) The bill does not allege or show facts from which the court may determine that citizens and the public generally have any right in the alleged park.

"(15) The bill does not allege or show the facts from which the court is to determine that the alleged park

is a public park, and the allegations that said park is a public park is a conclusion of the pleader.

"(16) The bill fails to show the fact with regard to said alleged park, whether the same was created by deed or dedicated to the public use in some other manner."

GEORGE P. JONES, for appellant.

ASHCRAFT & BRADSHAW, and C. E. JORDAN, for appellee.

McCLELLAN, J.—This bill, filed by the municipality against the Florence Land Company, seeks, upon final hearing, to permanently enjoin the company from the use of what is termed a "public park," called "Monument Park," in that city.

It has been consistently ruled by this court, following the analogy afforded by an earlier ruling with respect to the averment of the navigability of a stream in this state, that an allegation that a road or way was a public road was the mere conclusion of the pleader, and, if so, that the pleading was demurrable on that ground.—*Jones v. Bright*, 140 Ala. 268, 271, 37 South. 79; *Cochran v. Purser*, 152 Ala. 354, 356, 44 South. 579; *Harbison v. Campbell*, 178 Ala. 243, 250, 59 South. 207. The first cited decision was rested, mainly, upon that pertinently made in *Walker v. Allen*, 72 Ala. 456, where it was held that an averment that a river is a "navigable river" is a mere legal conclusion.

The fourth paragraph of the bill is as follows: "Situated in the city of Florence is a park or public ground known as 'Monument Park,' which park or public ground is bounded on the north by Spring street, on the east by Oak street, on the south by Terrace street,

[Florence Land Co. v. City of Florence.]

and on the west by Chestnut street, to which park or public ground the citizens of Florence, and the public generally, have for many years had the right to resort for recreation and pleasure, and to which the citizens, and the public generally, did, before the wrongs hereinafter complained of, and for many years, resort for said purposes."

Neither the allegations of this paragraph, nor any or all of those elsewhere in the bill, suffice to exempt the pleading from the effect of the objection before indicated. Otherwise than the flat assertion that citizens have, and had for "many years," exercised the right to use the place for recreation and pleasure, which itself is no more than a legal conclusion, there is no averment that excludes the idea that such general public use of the plot was not permissive only.—*Jones v. Bright, supra.* The fact that the descriptive term "park" is employed is of no more effect than was the terms "road" or "public road" in the cases cited.

There was error in overruling grounds of demurrer numbered from 13 to 16, inclusive.

The bill should show, through the allegations of facts and circumstances, the right of the public to the use of area described in the bill.

The decree overruling the demurrer is reversed. The cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.