# Card *v.* Cunningham.

### Bill to Abate Nuisance.

(Decided January 18, 1917.   Rehearing denied February 15, 1917.
74 South. 335.)

1. **Highways; Established by Prescription.**—Where a road bounded by a: fence has been used continuously and without objection by the public for 20 years, it becomes a public highway by prescription.

2. **Highways; Established by Prescription; Encroachment by Fence.**— Where a road had been bounded on the south by an "old fence" for over 20 years, and plaintiff's present fence occupied a line north of the old fence, it. encroached upon the highway, which had become public by prescription.

3. **Highways; Established by Prescription; Reclaimed and Unreclaimed Lands.**—There is a distinction between establishment of a public highway by prescription through unreclaimed lands and one defined by fences or barriers: through reclaimed lands.

4. **Higways; Encroachment by Fence; Abatement.**—Where defendant had placed .a wire fence within confines of a public highway established by prescription which interfered with plaintiff's use of her property, the nuisance will be abated, as plaintiff has a special interest.

APPEAL from Jackson Chancery Court.
Heard before Hon. JAMES E. HORTON, JR.

Bill by Maria J. Card against H. M. Cunningham to abate a nuisance.   Judgment for respondent and complainant appeals. Reversed and remanded.

BOULDIN & WIMBERLY for appellant.   MILO MOODY for appellee.

MCCLELLAN, J.—The bill in this cause, filed by the appellant against the appellee, seeks to abate a public nuisance effected by the act of the appellee in placing a wire fence within the confines of a public roadway, which, the appellant, insists, had long become established by prescription.   The chancellor denied the complainant any relief; it being his opinion that appellee's fence did not obstruct the space previously actually used for road purposes.   The chancellor expressly declined to decide whether the line in question was a public road, and, in consequence, whether the complainant would have been specially injured by the ob-

struction complained of if the way had been established as a public highway. Our opinion is that the primary question, necessary to be decided, was and is whether the roadway described in the pleading and in the evidence was in fact a public road at the time appellee built his wire fence about the south line of it.

(1) The application of the rules of law reiterated, as upon apt authority in this court, in *Morangne v. City of Gadsden*, 170 Ala. 126, 127, 54 South. 518, to the conclusions of fact to which a careful consideration of the evidence has led, requires a finding that the roadway in question had become a public highway by prescription before appellee constructed his fence about the south line thereof.

(2) The clear preponderance of the evidence establishes the fact that the present wire fence occupies a line, of varying distances, north of the place or line whereon rested the "old fence," which, in our opinion, afforded the south boundary line of the roadway in question. To the extent that the new wire fence appreciably exceeds, as it does at many points, the line fixed by the "old fence," the appellee's wire fence, recently constructed, is an encroachment upon the public highway established by more than 20 years of use by the public.

(3) If this roadway had continued, throughout more than 20 years prior to the construction of appellee's wire fence, to be a way over unfenced, open lands, there would have been occasion to apply the rules of law pertinently alluded to in *Rosser v. Bunn*, 66 Ala. 94, 95, where account was taken of the distinction which must exist between roadways over unreclaimed lands and roadways which, for more than 20 years, have been defined by the erection and maintenance of fences or barriers indicating the line of demarcation between the roadway and the lands thus reclaimed.—*Cochran v. Purser*, 152 Ala. 354, 356, 44 South. 579.

The decision of this court in *Merchant v. Markham*, 170 Ala. 278, 54 South. 236, evinces no intent to depart from the rules of law reiterated in *Moragne v. City of Gadsden, supra.* Indeed, it is quite clear from a consideration of the opinion in *Merchant v. Markham*, that the conclusion there given effect was predicated of the particular facts presented in that case. The case of *Trump v. McDonnell*, 120 Ala. 200, 24 South. 353, involved the

[Card v. Cunningham.]

right, claimed in virtue of adverse use, of a private way, and is, hence, without application in this instance.

(4) In accordance with the authority of *Jones v. Bright,* 140 Ala. 268, 37 South. 79, and *Duy v. Ala. Western Ry. Co.,* 175 Ala. 162, 174, et seq., 57 South. 724, Ann. Cas. 1914C, 1119, it must be held under this evidence that the complainant has suffered in her property special injuries in consequence of the public nuisance created by putting these obstructions in the public highway.

It results from these considerations that the decree appealed from is grounded in error, and must hence be reversed. The cause is remanded that the court below may proceed, according to its practices, to give effect to the conclusion we have stated.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

## ON REHEARING.

McCLELLAN, J.—The court has given due consideration to the contentions presented by solicitor for appellee in support of the application for rehearing. This court did not undertake in its decree to define, on the soil, the location of the south line of the roadway in question. It was and is content to direct the court below to proceed, according to its practices, to particularly define a line coincident with the line established by the "old fence." If, on further consideration, the court below should attain the conclusion that the "old fence row," defining the south line of this roadway, did not extend from end to end of the "lane," then it will ascertain what, with respect to that part of the south line of the roadway, has been actually used as a roadway for 20 years or more, and thereupon extend the line fixed, as stated, by the "old fence." It is not intended to indicate that on the record here the line of the "old fence" did not mark the entire south line of the roadway. If any part of the newly constructed fence of the appellee encroaches upon the south line of the roadway as thus defined, the court should effect its removal.

Application denied.