## Florence Land Company v. City of Florence.

### Bill to Abate Nuisance.

(Decided April 5, 1917. 75 South. 19.)

1. **Municipal Corporations; Nuisance; Abatement; Pleading.**—In suit to abate a nuisance by wrongful entry upon a public park, and cultivating, plowing, and otherwise defacing it, amended bill held sufficient and not subject to demurrer.

2. **Equity; Pleading.**—An averment of a bill to abate a nuisance that was merely cumulative or superfluous, and did not vary the principle of the relief claimed, whether well pleaded or not, did not go to the equity of the bill.

3. **Municipal Corporations; Nuisance; Abatement; Interference with Park; Claim of Title.**—A city's bill contained equity as one to abate a nuisance caused by encroaching upon or interfering with a public park, though the city claimed in the bill to have legal title to the park.

APPEAL from Lauderdale Chancery Court.
Heard before Hon. JAMES E. HORTON, JR.

Bill to abate a nuisance by the City of Florence against the Florence Land Company. From a decree for complainant on demurrer, respondent appeals. Affirmed.

As amended the bill shows the conveyance to the Florence ·Land Mining & Manufacturing Company, a described tract of land near the city of Florence, and that the land described in the bill, or a part thereof, is what is known as Monumental Park, and that at the same time the said land company acquired other large tracts of land in and contiguous to the city of Florence, and was engaged in the purchase and sale of real estate. After the acquisition of said land, and for the purpose of enhancing the value thereof, and of facilitating sales, and being authorized to lay off its lands into lots and parcels, and to lease, donate and convey the same, said land company caused the same to be surveyed and platted by a competent engineer, laying out its lands in blocks, lots, and streets, alleys, and parks, which plat said company caused to be printed in large numbers, and circulated among the public, to be used in soliciting customers for said lots, land, etc. And that, relying upon said maps and plats, and the dedication of the streets, alleys, and parks therein shown, many people became purchasers of said lots of said company. The lands described in the bill in the fourth section are shown in said map or plat, and are designated therein as Monumental Park, and a copy of it will be used on the trial, the same being too cumbersome to copy and file as an exhibit to the bill. Subsequently the company caused to be made and distributed in large numbers another map of the city of Florence upon which were shown the street, alleys, and parks of the city, and upon which map the lands described herein are again designated as Monumental Park. Subsequently certain parties filed a declaration of intention to organize a corporation to be known as the Florence Land Sales Company, for general purposes of sale, advertising, and to promote the material interests of said city, all of which will appear from the declaration filed in the office of the judge of probate, volume 40, page 230. ·The Florence Land, Mining & Manufacturing Company became the largest subscriber to the capital stock, and W. A. Stockell, the president of the Florence Land, Mining & Manufacturing Company, and other directors of said company became directors in the Florence Land Sales Company, all of which will appear in the records of the corporation, made an exhibit to the bill. That in listing its lands

for taxation, said corporation listed the lots and blocks around Monumental Park for taxation, but did not list the streets and alleys around said park, and did not list the land herein described as constituting Monumental Park. That pursuant to the purpose for which the Florence Land Sales Company, was organized, it also published a map of land, constituting the city of Florence on which the lands herein described are shown as Monumental Park. It is alleged that the city of Florence accepted the dedication of the streets, alleys, and parks for the use of the public, and caused said streets and alleys to be improved and repaired, and took possession of said land, described as Monumental Park, and caused the boundaries to be accurately ascertained and marked with substantial markers, and caused a map to be made and filed in the probate office showing the lots, blocks, and parks of the city, designating the lands herein described as Monumental Park. It is further alleged that after having laid out the streets, alleys, and parks, the land company made no further claim to the streets, alleys, and parks, and made no objection to the improvement and repairs made by the city on the same, nor to the use of the same by the public, and that said use continued without objection until after February, 1894, at which time the land company made a deed of general assignment to W. J. Wood as trustee for the benefit of its creditors, but did not in said deed undertake to convey to said trustee any of the streets, alleys, or parks, dedicated by it to the public as herein described. The bill also alleges the location, uses, and improvements of the park as a playground and for various other historical purposes. It is then alleged that no person, firm, or corporation ever denied the right of the public, and of the city, to use said streets, alleys, and parks, or in any way hinder the use of the same for said purposes by the city and by the public, until about the year 1912, when defendant wrongfully entered upon the land constituting said park, and began to cultivate, plow, and otherwise deface it.

F. W. FRIERSON for appellant. MITCHELL & HUGHSTON and ASHCRAFT & BRADSHAW for appellee.

ANDERSON, C. J.—(1) This case has been here upon former appeal, 193 Ala. 179, 69 South. 109. It was there held that the bill was subject to demurrer for reasons there set forth. The bill was subsequently amended to meet the opinion of this court

[Interstate Chemical Corporation v. Home Guano Co.]

upon former appeal, and we think that the bill as amended is sufficient, and was not subject to the respondent's demurrer.

(2) The averment as to the conduct of the Florence Land & Mining Company, whether well pleaded or not, did not go to the equity of the bill, as it was merely cumulative or superfluous, and did not vary the principle of the relief claimed.—*Worthington v. Miller,* 134 Ala. 421, 32· South. 748; *Noble v. Moses,* 81 Ala. 530, 1 South. 217, 60 Am. Rep. 175.

(3) We think that the bill contains equity as one to abate a nuisance caused by encroaching upon or interfering with a public park, notwithstanding the city may claim in its bill to have the legal title to said park. Moreover, this question could and should have been raised and presented upon the former appeal.— *Ala. City R. R. v. Bates,* 155 Ala. 347, 46 South. 776.

The decree of the chancery court is affirmed.
Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.