(88 South. 347)

### GILBERT v. LYBRAND et al. (7 Div. 647.)

(Court of Appeals of Alabama. Nov. 9, 1920.)

1. Highways ☞7(1)—Continuous user of public road must be as of right to acquire title by prescription.

Where the doctrine of prescription applies to public roads, it must be shown in addition to continuous user for 20 years that the use was a matter of right, and not merely permissive, since mere user without proof that it was adverse under a claim of right is not sufficient.

2. Highways ☞17—Evidence held to require finding that user of public road was permissive.

In trespass by one who had inclosed an alleged public road, wherein it was averred that rights had accrued to the public by continuous user for 20 years, evidence held to require finding that the user was permissive merely.

Appeal from Circuit Court, De Kalb County; W. W. Harralson, Judge.

Action by J. E. Gilbert against J. W. Lybrand and others for trespass to realty. Judgment for the defendants, and plaintiff appeals. Reversed and remanded.

J. S. Franklin, of Gadsden, for appellant.

The road was not a public road, had not been dedicated to the public use, and the evidence showed no more than a permissive use. The special charges requested by the plaintiff should therefore have been given. 16 Ala. App. 360, 77 South. 972; 170 Ala. 278, 54 South. 236; 140 Ala. 268, 37 South. 79; 120 Ala. 200, 24 South. 353.

Isbell & Scott, of Ft. Payne, for appellees. No brief came to the Reporter.

MERRITT, J. This is an action brought by the appellant, J. E. Gilbert, against the appellees, J. W. Lybrand, C. Willoughby, and J. O. Willoughby. The complaint contained five counts, the first four claiming damages for trespass on certain lands of

the appellant and for cutting down and tearing away a wire fence. The fifth count claimed damages for unlawfully, maliciously, or negligently destroying, throwing down, or breaking a fence on inclosure of the appellants. The record contained several demurrers to the complaint and demurrers to defendants' pleas, and the pleas of the defendants, the general issue and a special plea to count 5, alleging that the fence cut down and destroyed was across a public highway as an obstruction, and that defendants removed so much of the same as was necessary to clear the road so that travel might be resumed. The record discloses no ruling by the court on any of the demurrers; the judgment entry merely reciting:

"Comes the parties by their attorneys, and, issue being joined, thereupon came a jury, who, * * * on their oaths say 'We, the jury, find for the defendants.'"

[1] We take it, then, that the case was tried on defendants' plea, which is the plea of the general issue. The only point of controversy in the case then is whether or not the road in question is a public road. It is well settled in this state that—

"Where the doctrine of prescription applies to public roads it must be shown, in addition to continuous user for 20 years, that the use was a matter of right, and not merely permissive, since mere user without proof that it was adverse under a claim of right is not sufficient." Merchant v. Markham, 170 Ala. 278, 54 South. 236; Atlantic Coast Line v. Kelly, 16 Ala. App. 360, 77 South. 972.

It is stated in Elliott on Roads and Streets:

"Before a highway can be established by prescription, it must appear that the general public, under a claim of right, and not by mere permission of the owner, used some defined way without interruption or substantial change for a period of 20 years or more."

In this case the defendants were dependent upon prescription to make the road a public one, there being an absence of evidence to show that the road was legally established, either by an order of court or dedication; and the mere use of land for the purpose of a road carries with it no presumption of adverse claim or claim of right to use it. Whaley v. Wilson, 120 Ala. 502, 24 South. 855; Gosdin v. Williams, 151 Ala. 592, 44 South. 611; Rosser v. Bunn, 66 Ala. 89; Harper v. State, 109 Ala. 66, 19 South. 901; Bellevue Cemetery Co. v. McEvers, 168 Ala. 535, 53 South. 272.

[2] A very careful consideration of all of the evidence in this case convinces us that, while there may have been a user of the road in controversy by the public for a period of 20 years or more, it was, at best, a mere permissive user. Indeed, all of the witnesses state such to have been the case until the last 2 or 3 years, when the appellant began to place logs in the road and build fences across it. One or more witnesses stated it was just a road through the woods joining two public roads, and another that the only use made of the road was the neighbors passing back and forth. There is no evidence that the county authorities recognized this as a public road; in fact, all the evidence, without pointing it out here, convinces us that the defendants failed to meet the burden that was upon them, that is, not only to prove the continuous use for 20 years, but that it was used as a matter of right, and not merely by permission of the owners, and, having thus failed, that the plaintiff was entitled to the affirmative charge requested by him in writing.

For the error pointed out, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.