(93 South. 896)

## LOCKLIN v. TUCKER. (I Div. 234.)

(Supreme Court of Alabama. June 30, 1922. Rehearing Denied Oct. 12, 1922.)

1. **Dedication** ☞41 — **Presumed from public user for more than 20 years, in absence of evidence to contradict presumption.**

When the evidence shows an uninterrupted user by the public of a roadway over reclaimed lands for a period of 20 years or more, and there is nothing in the evidence to contradict the presumption of a dedication by the owner, such presumption will be indulged from the fact of such user alone.

2. **Dedication** ☞44—**Evidence of public user of roadway for 30 or 40 years held to establish prescriptive dedication.**

In action to enjoin obstruction of a roadway running across open lot owned by defendant, testimony showing that roadway had been used by the general public at all times in vehicles and on foot for a period of 30 or 40 years before the filing of the bill without interruption or objection by defendant, until four or five years prior thereto, *held* to establish a prescriptive dedication.

Sayre, Somerville, and Gardner, JJ., dissenting.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Bill by L. W. Locklin against S. H. Tucker to enjoin the obstruction of a public street. From a decree denying relief, complainant appeals. Reversed and rendered.

Hybart & Hare, of Monroeville, Powell & Hamilton, of Greenville, and Jennings D. Ratcliffe, of Monroeville, for appellant.

After more than 20 years of continuous user of a road by the public as a public way, the presumption arises that the road was established by law or was dedicated to the public by the owner. Such presumption includes every element necessary to create the highway by prescription. Elliott, Roads and Streets, 136; 32 Ala. 75, 70 Am. Dec. 529; 22 Ala. 190; 183 Ala. 482, 62 South. 766; 170 Ala. 124, 54 South. 518; 198 Ala. 517, 73 South. 894; 201 Ala. 535, 78 South. 889; 203 Ala. 672, 85 South. 6. If a landowner permits a way to be used as a public way for any considerable length of time, and property in the community is purchased and improved under a reasonable and well-founded belief that the road is a highway, and the closing of the road would result injuriously to such purchaser, the landowner is estopped from closing the road. 84 Ala. 215, 4 South. 153; 198 Ala. 513, 73 South. 894; 18 C. J. 104; 116 Ky. 625, 76 S. W. 527, 63 L. R. A. 644, 3 Ann. Cas. 788; Jones on Easements, 422; Elliott, Roads and Streets, 132; 109 Ala. 104, 19 South. 424, 32 L. R. A. 201; 37 Ind. App. 59, 74 N. E. 1023; 47 Md. 334, 28 Am. Rep. 464; 19 Pick. (Mass.) 405, 31 Am. Dec. 145; 18 C. J. 105. One admitting obstructing a road alleged to be public must justify by showing ownership of the soil over which it runs, and that the road is a private road. 203 Ala. 363, 83 South. 107; 165 Ala. 630, 51 South. 821; 188 Ala. 620, 65 South. 1006; 141 Ala. 374, 37 South. 634.

Barnett, Bugg & Lee, of Monroeville, Leon G. Brooks, of Brewton, and James J. Mayfield, of Montgomery, for appellee.

Mere user of a roadway across uninclosed lands, however long, does not raise the presumption of dedication. On the contrary the user will be presumed to be permissive, unless the contrary is clearly shown. 18 Ala. App. 9, 88 South. 347; 204 Ala. 606, 86 South. 907; 170 Ala. 278, 54 South. 236; 168 Ala. 535, 53 South. 272; 120 Ala. 200, 24 South. 353. The intention to dedicate, to which courts give heed, is not an intention in the mind of the landowner, but an intention manifested by his acts. 160 Ala. 461, 49 South. 448; 18 C. J. 53; 143 Ala. 291, 39 South. 303; 170 Ala. 126, 54 South. 518.

SOMERVILLE, J. This court has frequently declared that the dedication of a road or street will be presumed when it appears that the public have used it uninterruptedly for 20 years, without objection from the owner. Hoole v. Atty. Gen., 22 Ala. 190, 196; Rosser v. Bunn, 66 Ala. 89, 95; Steele v. Sullivan, 70 Ala. 589, 594; N. O., etc., R. R. Co. v. Jones, 68 Ala. 48, 55; Smith v. Inge, 80 Ala. 283, 287; Bessemer Land Co. v. Jenkins, 111 Ala. 135, 148, 18 South. 565, 568, 56 Am. St. Rep. 26; Cochran v. Purser, 152 Ala. 354, 44 South. 579; Moragne v. City of Gadsden, 170 Ala. 124, 54 South. 518; Carter v. Walker, 186 Ala. 140, 65 South. 170.

This principle has, however, been qualified and limited, in its application, to well-

defined highways running over improved or reclaimed lands, and is not applicable to wooded or unimproved lands, or lands which, though once reclaimed, have been "turned out," or left open and unused. Rosser v. Bunn, 66 Ala. 89, 95; Card v. Cunningham, 199 Ala. 222, 74 South. 335; Trump v. McDonnell, 120 Ala. 200, 203, 24 South. 353.

On the other hand, it has been distinctly stated in four or five cases, in which no reference seems to have been made to the group of cases first above noted, that mere public user, however long continued is not in any case sufficient to create a presumption of dedication, but must be shown to have been exercised under a claim of right, or in hostility to the rights of the owner—failing which, the user will be presumed to have been permissive, and the presumption of dedication fails. Whaley v. Wilson, 120 Ala. 502, 506, 24 South. 855; Jones v. Bright, 140 Ala. 268, 37 South. 79; Gosdin v. Williams, 151 Ala. 592, 594, 44 South. 611; Merchant v. Markham, 170 Ala. 278, 54 South. 236.

This latter group of cases are as to this restriction on the presumption of dedication—which is not apparently restricted to unreclaimed lands, but is in terms applicable to lands of every character—in conflict with the group of cases first cited.

Since the public user must in fact be under a claim of right, and not merely under the permission of the owner (Carter v. Walker, supra, and cases cited therein; 18 Corp. Jur. 101), the conflict above noted relates solely to the question of the burden of proof with respect to that element of presumptive dedication.

[1] We think it is a sound rule of evidence, based on considerations of experience and practical convenience, that when the evidence shows an uninterrupted user by the general public of a roadway over reclaimed lands, for a period of 20 years or more, and there is nothing in the evidence to contradict the presumption of a dedication by the owner, such a presumption will be indulged from the fact of such user alone. This is the rule plainly deducible from the long line of cases above cited, beginning with Hoole v. Atty. Gen., 22 Ala. 190, and ending with Carter v. Walker, 186 Ala. 140, 65 South. 170. See, also, 18 Corp. Juris, 100 [§ 115] 5; Id., 101 [§ 116] h.

In so far as the cases of Whaley v. Wilson, supra, Jones v. Bright, supra, Gosdin v. Williams, supra, and Merchant v. Markham, supra, are in conflict with the rule of evidence above stated, they are hereby expressly overruled. No doubt those cases were correctly decided on the facts presented, regardless of that rule of presumptive evidence, and as decisions of fact we do not intend to disturb them.

In the foregoing views and conclusions, the CHIEF JUSTICE and JUSTICES McCLELLAN, GARDNER, and MILLER concur. Justices SAYRE and THOMAS dissent therefrom, and think that the law was correctly stated in Merchant v. Markham, 170 Ala. 278, 54 South. 236, supra.

The probative force and conclusiveness of user must depend not only on the nature, extent, and duration of the user, and the circumstances under which it occurs, but also upon all other evidence available indicating what the owner's real intention was; unless the evidence taken as a whole satisfies the court that there was in fact an intention to dedicate, dedication is not established. 18 Corp. Jur. 100 [§ 115], 5.

[2] The evidence in this case, which is quite voluminous, shows without dispute, or at least conclusively, that the roadway in question runs across an open lot owned by respondent and lying in front of his residence lot, in the town of Monroeville, and that it has been used by the general public at all times, in vehicles and on foot, for a period of 30 or 40 years before the filing of the bill, without interruption or objection by the owner until four or five years ago, since when, on several occasions, he has made objection to certain kinds of use, and has asserted his right of control.

If this were all that the evidence showed, the writer would feel bound to hold, under the principles of presumption above approved, that a dedication of this roadway has been established by prescriptive user.

But the evidence discloses other facts and circumstances which must have due consideration:

(1) The roadway in question is a short line of not over 300 feet, not straight, and evidently no part of the system of public roads or streets in use about the town.

(2) It has never been a real thoroughfare, nor an essential link between definite objectives, but has served the convenience merely of those persons, limited in number, who resided or resorted in the neighborhood, and who sought a "short cut" to and from other points, rather than pass around the lot over the regularly appointed ways.

(3) In its inception it seems to have been used merely as a means of access to the owner's own premises, and there is nothing to indicate an original purpose, on the part of the owner, to devote the way to public use; nor any purpose on the part of the people who used it to claim its use as a matter of right.

(4) It has never been claimed by the town authorities as a public way, and never been marked, improved, or in any way controlled by them—matters of no great probative value here, but nevertheless entitled to some consideration.

(5) Grants of the lot over which this roadway runs, made between its successive owners, do not indicate, or in any way recognize, the existence of the roadway. As said in Steele v. Sullivan, 70 Ala. 594, "where the

recorded deeds of the lands or lots, adjacent to a street or alley contain recitals or words of conveyance which repel the idea of a dedication, this is always a very strong fact to rebut the presumption arising from the use by the public." And again, in Gage v. M. & O. R. R. Co., 84 Ala. 224, 226, 4 South. 415, 416, where an alley was shown to have been used by all who chose to pass through it going to a public wharf, but none of the grants in the claim of title indicated any recognition of the existence of the alley, it was said that—

"These deeds being of a solemn and deliberate character, and placed upon the public records, must be taken as so many affirmative declarations by the owners of the alley property in denial of the public right."

The principles upon which the court there concluded against a dedication are thus stated in the headnote:·

"The dedication of an alley to public use in a city or town, by the owner of the property, will not be declared by the courts, unless his intention to make it unequivocally appears by clear and satisfactory evidence; nor will it be presumed from mere user by the public, however long continued, when such user was by consent of the owner, or was entirely consistent with his private rights and interests."

In Tutwiler v. Kindall, 113 Ala. 664, 21 South. 332,[1] it was held:

"That the fact that the owner of vacant and uninclosed land makes no objection to the public traveling over it in a certain route, *the land being put to no present use*, does not of itself show an intention to dedicate that portion of said land which is used as a road." [Italics supplied.]

I think that we must know, as a matter of common knowledge, that vacant, uninclosed, and unused lots in towns and villages are almost invariably cut across by well-defined paths and roadways used by as many of the general public as find such use convenient for the shortening of their journeys; and that such use is rarely ever objected to by an owner, and is understood to be in subordination to his rights.

Taking the evidence as a whole, I am far from being reasonably satisfied that the owners of this lot ever intended at any time to devote this roadway to the use of the public, or that the user by the public was ever under a claim of right in any sense adverse to the rights of the owner. In the foregoing views on the facts of the case Justices SAYRE and GARDNER concur, and we would therefore hold that no dedication by prescription has been established, and that as to that claim the relief sought by the bill must be denied.

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 113 Ala. 664.

A majority of the court, however, consisting of the CHIEF JUSTICE and JUSTICES McCLELLAN, THOMAS, and MILLER, hold that the evidence clearly establishes a prescriptive dedication of the roadway in question, and that the complainant is entitled to the injunctive relief prayed for.

It results that the decree of the circuit court denying relief must be reversed, and a decree will be here rendered granting the relief as prayed.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN, THOMAS, and MILLER, JJ., concur.

SAYRE, SOMERVILLE, and GARDNER, JJ., dissent.