140 So. 178

## CLARK v. STATE.
### 8 Div. 448.

Court of Appeals of Alabama.
March 1, 1932.

Henry D. Jones, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The state in this case does not insist that the road alleged to have been obstructed was ever established by order of the commissioners' court or other legally constituted body acting for the public, but relies for a conviction on the claim that the road, admittedly obstructed by this defendant, had become a public road within the meaning of section 1397 (145), Code 1928, by prescription.

Not only is there no evidence tending to prove action on the part of the road authorities regarding the road in question, but the evidence is direct and undisputed that the road commissioners never assumed any jurisdiction or control over this road, and did not consider it a part of the road system of the county. The whole case of the state is grounded on the evidence tending to prove that the road had been used for vehicular travel by any person desiring to do so for a period of more than twenty years before such road was obstructed by this defendant. The road runs through defendant's place "angling across his field to the woods," and then it winds in and out through the trees. Nobody lives on it and its use through the years has been confined almost, if not entirely, to the hauling of lumber at one time when a sawmill was located in the woods back of defendant's place and the occasional hauling of cross-ties and wood, all of which has been without objection on the part of the owners of the land, until defendant began the cultivation of a part of the land through which the road had been running, at which time defendant attempted to force parties to haul on the section line rather than through and across his cultivated field.

There is no evidence that the road has ever been used by the general public except as above stated; on the contrary, it is shown without dispute that public highways, maintained by the county, serve the entire community in the general use to and for which highways are designed and maintained.

The definition for public road as laid down in the Code 1928, § 1397 (49), subd. (n), is: "Every way or place of whatever nature open to the use of the public, as a matter of right, for purposes of vehicular travel. The term 'highway' shall not be deemed to include a roadway or driveway upon grounds owned by private persons, colleges, universities or other institutions." A public road, therefore, within the meaning of this section, would include a road dedicated to the public, by its prescriptive use for a period of twenty years.

It is commonly deemed not improper to say that a highway may exist by prescription, which in such case is based upon the prescription growing out of an antecedent exercise of the power of the state by the proper authorities. Cross v. State, 147 Ala.

125, 41 So. 875; Louisville & N. R. Co. v. Malchow, 216 Ala. 656, 114 So. 53 (opinion). But prescription signifies something more than use for the prescribed period. In order for a road to become a public road by prescription, there must be a continuous user for twenty years to the exclusion of the rightful owner. The proof must be that the using of the road was adverse, under a claim of right, and not merely that such using was permissive. Gilbert v. Lybrand, 18 Ala. App. 9, 88 So. 347; Atlantic Coast Line R. Co. v. Kelly, 16 Ala. App. 360, 77 So. 972; Merchant v. Markham, 170 Ala. 278, 54 So. 236; Whaley v. Wilson, 120 Ala. 502, 24 So. 855.

The evidence that persons had been using the road for more than twenty years, while relevant, carries with it no presumption of adverse claim or of right to use it. Gosdin v. Williams, 151 Ala. 592, 44 So. 611; Rosser v. Bunn, 66 Ala. 89.

■■ The foregoing rules relative to public roads made so by prescription are applicable to civil cases where the facts are required to be established by a preponderance of the evidence, whereas, in a criminal case, the fact of dedication by prescription must be established by evidence beyond a reasonable doubt. As we gather from the evidence in this case, the road in question was one of those thousands of trails to be found in every section of the state where timber abounds, used without objection by the owners of the land by those who are getting out the timber or wood cut from the land. They are never adopted as public roads by the road authorities and are never considered such by the public at large. They remain and are used as long as the necessity requires, and when the land is placed in cultivation they disappear and others are opened to serve the people who need them. Whether there is in this case a scintilla of evidence to support the verdict and fine of one cent, we need not decide, as the great weight of the evidence convinces us that the road in the instant case was never so used by the general public as to constitute a dedication by prescription, and for that reason the trial court erred in refusing to grant the defendant's motion for a new trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.