RIO GRANDE WESTERN RAILWAY COMPANY v.
STRINGHAM et al.

No. 2211.   Decided May 6, 1911.   Rehearing Denied May 29, 1911
(115 Pac. 967).

APPEAL AND ERROR—JUDGMENT ON REMAND—CONFORMITY.  Where the
    Supreme Court remanded a cause, with directions to enter judg-
    ment awarding plaintiff railroad title to a right of way, a
    decree adjudging that plaintiff was the owner of a right of
    way (describing it), etc., conformed to the mandate, though it
    did not adjudge plaintiff to be the owner "in fee simple" of the
    right of way described.  (Page 237.)

APPEAL from District Court, Third District; *Hon. C. W.
Morse,* Judge.

Action by the Rio Grande Western Railway Company
against Thomas B. Stringham and others.

From the judgment, plaintiff appeals.

AFFIRMED.

*Van Cott, Allison & Riter* for appellant.

*A. Duncan* and *N. W. Sonnedecker* for respondents.

McCARTY, J.

Plaintiff, the appellant, here, brought this action to quiet
title to a right of way two hundred feet in width for a
railroad track through certain lands belonging to defend-
ants.   Judgment was rendered dismissing plaintiff's com-
plaint for want of equity, except as to twelve and one-half
feet on each side of the track.   To reverse the judgment,
plaintiff appealed to this court on the judgment roll.   This
court reversed the judgment and remanded the cause to the
district court, with directions to that court to vacate its con-
clusions and judgment theretofore made and entered, and
"to make conclusions and render and enter judgment award-

ing to the plaintiff title to a right of way over the lands in question one hundred feet wide on either side of the center of the track." For a more detailed statement of the facts, we invite attention to the opinion as published in 38 Utah 113, 110 Pac. 868.

On receipt of the remittitur from this court, the district court vacated its conclusions of law and judgment theretofore made, rendered, and entered, and in pursuance of the decision and order of this court found as conclusions of law: "(5) That the plaintiff is entitled to a decree quieting its title to a right of way over the premises described to the extent of one hundred feet on each side of the center of the track." The judgment entered recites, so far as material here, that "by virtue of the law and the matters aforesaid it is hereby ordered, adjudged, and decreed: That the plaintiff is the owner of a right of way over the following described premises, situated in Salt Lake County, State of Utah: (Then follows a description of the right of way in question.) That the title of the plaintiff to such right of way is good and valid, and the defendants are forever enjoined and debarred from asserting any claim whatever in or to said land and premises, or any part thereof, adverse to the plaintiff's said right of way." From the judgment rendered the plaintiff has again appealed to this court.

Counsel for plaintiff now contend that the court erred in finding as a conclusion that plaintiff is entitled to a decree quieting its title to a right of way over the premises in question. They insist that, under the findings of fact as made and entered in the cause, the court should have found as a conclusion of law that plaintiff is entitled to a decree adjudging it to be the owner *in fee simple* of a right of way over the premises mentioned. The only question to be determined on this appeal is whether the conclusions and decree of the court below, made and entered, are in conformity with the prior mandate of this court. We think they are. If counsel for appellant thought that this court, in the prior opinion, did not correctly define and determine the extent of appellant's rights to the land

in dispute, or did not fully safeguard its rights as defined and adjudged, they should have filed a petition for a rehearing. This they did not do.

The conclusions of law and judgment having been drawn and entered in conformity with the decision of this court, we are precluded from further considering the case. The former decision became and is the law of the case, and this court, as well as the litigants, are bound thereby.

FRICK, C. J., and STRAUP, J., concur.