# RIO GRANDE WESTERN RAILWAY COMPANY *v.* STRINGHAM.

## ERROR TO THE SUPREME COURT OF THE STATE OF UTAH.

Nos. 4, 5. Submitted October 19, 1915.—Decided November 1, 1915.

A railway company brought suit to establish its title under the Right-of-Way Act of 1875 to certain lands in fee and the trial court found for defendant; on appeal the appellate court reversed with directions to enter judgment awarding the railway company a right of way; on the trial court entering such a judgment the railway company again appealed contending that according to the true effect of the Right-of-Way Act it had title in fee, but the appellate court affirmed the judgment as entered. On writs of error taken to both judgments, on separate writs, *held* that:

As the first judgment of the appellate court disposed of the case on the merits and left nothing to the discretion of the trial court it was final in the sense of § 237, Judicial Code, and the writ of error was rightly taken to that judgment, but not to the second judgment.

The right of way granted by the Act of 1875 is neither a mere easement, nor a fee simple absolute, but a limited fee made on implied condition of reverter in the event of non-user.

The judgment awarding to the railway company a right of way in the terms of the Right-of-Way Act used those terms with the same meaning they have in the act and accorded to the company all that it was entitled to.

38 Utah, 113, affirmed.

Writ of error to review 39 Utah, 236, dismissed.

THE facts, which involve the construction of the Railroad Right-of-Way Act of March 3, 1875, are stated in the opinion.

*Mr. Waldemar Van Cott, Mr. E. M. Allison, Jr.,* and *Mr. William D. Riter* for plaintiff in error:

A railway company which complies with the act of Congress of March 3, 1875, acquires a title in fee simple, and not merely an easement or right of way. *New Mexico v. U. S. Trust Co.,* 172 U. S. 171; *Nor. Pac. R. R.* v. *Townsend,* 190 U. S. 267; *West. Un. Tel. Co.* v. *Pennsylvania R. R.,* 195 U. S. 540, 570; *Oregon Short Line* v. *Stalker,* 95 Pac. Rep. 56; *Nor. Pac. R. R.* v. *Myers-Parr Co.,* 103 Pac. Rep. 453.

There was no appearance, nor was any brief filed for defendants in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was a suit to quiet the title to a strip of land claimed and used by the plaintiff as a railroad right of way under the act of March 3, 1875, c. 152, 18 Stat. 482, and to which the defendants asserted title under a patent for a placer mining claim. At the trial the facts were specially found and judgment for the defendants was entered upon the findings. In reviewing that judgment the Supreme

Court of the State, accepting the findings below, held that
the plaintiff in virtue of proceedings had in the Land De-
partment under the Right-of-Way Act while the land was
yet public acquired a right of way two hundred feet wide
through the lands afterwards embraced in the mining
claim and that the defendants' title under the placer
patent was subject to this right of way, and thereupon
reversed the judgment and remanded the case with a
direction to "enter a judgment awarding to the plaintiff
title to a right of way over the lands in question one
hundred feet wide on each side of the center of the track."
38 Utah, 113. Acting upon this direction the trial court
vacated its prior judgment and entered another adjudging
the plaintiff to be "the owner of a right of way" through
the mining claim one hundred feet wide on each side of
the center line of the railroad, declaring the plaintiff's
title to such right of way good and valid, and enjoining
the defendants from asserting any claim whatever to
the premises, or any part thereof, adverse to the plaintiff's
"said right of way." The plaintiff again appealed in-
sisting that it was only adjudged to be the owner of a
right of way when according to the true effect of the
Right-of-Way Act it had a title in fee simple, as was as-
serted in its complaint. But the judgment was affirmed,
the court saying (39 Utah, 236):

"If counsel for appellant thought that this court, in the
prior opinion, did not correctly define and determine the
extent of appellant's rights to the land in dispute, or did
not fully safeguard its rights as defined and adjudged,
they should have filed a petition for a rehearing. This
they did not do. The conclusions of law and judgment
having been drawn and entered in conformity with the
decision of this court, we are precluded from further con-
sidering the case. The former decision became, and is
the law of the case, and this court, as well as the litigants,
are bound thereby."

Being in doubt which of the judgments of the appellate court should be brought here for review to present properly the question respecting the nature of its title, the plaintiff concluded to bring up both, each by a separate writ of error.

Manifestly the first judgment was final within the meaning of Jud. Code, § 237.  It disposed of the whole case on the merits, directed what judgment should be entered and left nothing to the judicial discretion of the trial court.  *Board of Commissioners* v. *Lucas*, 93 U. S. 108; *Bostwick* v. *Brinkerhoff*, 106 U. S. 3; *Mower* v. *Fletcher*, 114 U. S. 127; *Chesapeake & Pot. Tel. Co.* v. *Manning*, 186 U. S. 238.  And as the question sought to be presented arises upon the first judgment—it being final in the sense of § 237—it is apparent that the writ of error addressed to the second judgment presents nothing reviewable here. See *Northern Pacific R. R.* v. *Ellis*, 144 U. S. 458; *Great West. Tel. Co.* v. *Burnham*, 162 U. S. 339; *Chesapeake & Ohio Ry.* v. *McCabe*, 213 U. S. 207, 214.

What the act relied upon grants to a railroad company complying with its requirements is spoken of throughout the act as a "right of way," and by way of qualifying future disposals of lands to which such a right has attached, the act declares that "all such lands over which such right of way shall pass shall be disposed of subject to such right of way."

The right of way granted by this and similar acts is neither a mere easement, nor a fee simple absolute, but a limited fee, made on an implied condition of reverter in the event that the company ceases to use or retain the land for the purposes for which it is granted, and carries with it the incidents and remedies usually attending the fee.  *New Mexico* v. *United States Trust Co.*, 172 U. S. 171, 183; *Northern Pacific Ry.* v. *Townsend*, 190 U. S. 267, 271; *United States* v. *Michigan*, 190 U. S. 379, 398; *West. Un. Tel. Co.* v. *Pennsylvania R. R.*, 195 U. S. 540,

570.   The judgment under review does not in words so characterize the plaintiff's right nor was it essential that it should do so.   It describes the right in the exact terms of the Right-of-Way Act and evidently uses those terms with the same meaning they have in the act.   So interpreting the judgment, as plainly must be done, we think it accords to the plaintiff all to which it is entitled under the act.

> *In No. 4 Judgment affirmed.*
> *In No. 5 Writ of error dismissed.*