(114 So. 686)

CENTRAL OF GEORGIA RY. CO. et al. v. FAULKNER. (7 Div. 767.)

Supreme Court of Alabama. Nov. 10, 1927.

Rehearing Denied Dec. 22, 1927.

1. Highways ⬥160(2)—In action against railroad for obstructing highway, evidence making existence of dominant public easement question for jury held to justify refusal of affirmative charge for defendant.

In action against a railroad for damages to plaintiff's premises by obstruction or destruction of public highway in front of plaintiff's premises over unoccupied portion of the railroad right of way by the widening of the railroad embankment, refusal of defendants' request for the affirmative charge *held* not error under the evidence, which made question of the existence of a dominant public easement for highway purposes question for jury.

2. Adverse possession ⬥60(6), 85(1)—Continued use of unoccupied portion of railroad right of way is presumed permissive, and does not become adverse until notice to railroad of hostile claim.

The continued use of unoccupied portion of a railroad right of way by the owner of the fee, or by a third person placing structures thereon,

is presumed to be in recognition of the superior easement of the railroad, and as merely permissive, and such possession does not become adverse until notice of a hostile claim is brought home to the railroad.

3. **Highways** ⊚⟾6(1), 17—**Public use of road for 20 years without let or hindrance creates public highway by "prescription," and burden is on landowner to prove use was permissive.**

An open, defined roadway in continuous use by the public as a highway without let or hindrance for 20 years becomes a public highway by "prescription," there being a presumption, with qualification as to wild, unused, and uninclosed lands, of dedication or other appropriation to public use, and burden is on landowner to show that use was permissive only and in recognition of his title and right to reclaim possession.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Prescription (In Law).]

4. **Railroads** ⊚⟾69—**Railroad right of way is more than mere easement, and ejectment may be maintained against fee owner without showing present need.**

A railroad right of way is more than a mere easement, and railroad's dominion thereof extends to the limits of the right of way granted by law, and ejectment may be maintained, even against the owner of the fee for the entire right of way, without showing any present need for actual occupancy, in view of Code 1923, § 9635.

5. **Highways** ⊚⟾7(1)—**Continuous use by public under claim of right creates its own notice as respects creation of public highway by prescription.**

As respects notice of adverse use of an owner's property under claim of right, there is a difference between adverse possession on the part of an individual and the public use as the basis of prescriptive right, in that the continuous user by the public carries notice of its nature to create public highway by prescription through 20 years' user.

'6. **Waters and water courses** ⊚⟾119(4)—**Railroad is liable for causing surface waters to be cast on land by unlawfully filling up highway.**

If railroad unlawfully filled up public highway, and, as a proximate result, so altered the existing drainage status as to injure adjoining owner's premises by causing surface waters to be cast on his lands, to his injury, it is liable therefor.

7. **Highways** ⊚⟾17—**In action for obstruction or destruction of· highway, evidence as to public maintenance thereof held admissible to show it was public highway.**

In action for damages to plaintiff's premises by obstruction or destruction of alleged public highway, in which the principal issue was whether the roadway constituted a public highway by prescription, evidence as to working of the road by the overseer was properly received; fact of public maintenance of a road being a circumstance going to its character as a public highway.

8. **Evidence** ⊚⟾472(1)—**Plaintiff's · testimony that road obstructed by defendant was public highway held to invade province of jury on mixed question of law and fact.**

In action for damages to plaintiffs premises by obstruction of public highway, plaintiff's testimony that the road constituted a public highway was inadmissible, as being an opinion or conclusion of a witness on an issue of mixed law and fact which it was for the jury to determine on the evidence under proper instructions.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Action for damages by J. B. Faulkner against the Central of Georgia Railway Company and J. A. Kreis. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Nesbit & Sadler, of Birmingham, and L. H. Ellis, of Columbiana, for appellants.

The mere use for travel of an unused portion of a railway right of way does not constitute an adverse use. A. G. S. v. McWhorter, 202 Ala. 455, 80 So. 839; Alexander City Co. v. C. of G., 182 Ala. 516, 62 So. 745; S. A. L. v. Banks, 207 Ala. 194, 92 So. 117; Merchant v. Markham, 170 Ala. 278, 54 So. 236; A. C. L. v. Kelly, 16 Ala. App. 360, 77 So. 972; Gilbert v. Lybrand, 18 Ala. App. 9, 88 So. 347. If and when any such use does become adverse, notice thereof must be brought home to the railway company. Authorities, supra. A witness cannot state his conclusion upon a matter in issue. C. of G. v. Jones, 170 Ala. 611, 54 So. 509, 37 L. R. A. (N. S.) 588; Stuckey v. Bellah, 41 Ala. 700; Roden Gro. Co. v. Gipson, 9 Ala. App. 164, 62 So. 388; West. Ry. v. Cleghorn, 143 Ala. 392, 39 So. 133. The upper landowner is not obliged to guard the lower owner from the natural flow of surface water. King Land Co. v. Bowen, 7 Ala. App. 462, 61 So. 22; Farris v. Dudley, 78 Ala. 124, 56 Am. Rep. 24. The action of the county authorities in respect to a road can only be shown by the minutes of the commissioners' court. Knuckols v. State, 136 Ala. 108, 34 So. 375; Birmingham v. Chestnutt, 161 Ala. 253, 49 So. 813; Gillespie v. Campbell, 149 Ala. 193, 43 So. 28.

Leeper, Wallace & Saxon, of Columbiana, and H. M. Abercrombie, of Birmingham, for appellee.

A public highway may be established by· the general use of the public for 20 years for that purpose. McDade v. State, 95 Ala. 28, 11 So. 375; Harper v. State, 109 Ala. 66, 19· So. 901; Lewman v. Andrews, 129 Ala. 170, 29 So. 692; Dunn Bros. v. Gunn, 149 Ala. 583, 42 So. 686; Bellview Co. v. McEvers, 174 Ala. 457, 57 So. 375. ·The doctrine of prescription applies to public roads. Merchant v. Markham, 170 Ala. 278, 54 So. 236; Atlantic Coast

⊚⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Line R. Co. v. Kelly, 16 Ala. App. 360, 77 So. 973. The erroneous admission of evidence is harmless where the facts sought to be proven were a necessary conclusion from other evidence received without objection. Amer. Auto. Ins. Co. v. Watts, 12 Ala. App. 518, 67 So. 758; Tyson v. Weil, 169 Ala. 558, 53 So. 912, Ann. Cas. 1912B, 350; B. R., L. & P. Co. v. King, 149 Ala. 504, 42 So. 612; Butterworth v. Cathcart, 168 Ala. 262, 52 So. 896. The upper proprietor is not authorized to collect water into drains or artificial channels and precipitate it in increased quantities and volume upon and to the detriment of the lower land. Crabtree v. Baker, 75 Ala. 91, 51 Am. Rep. 424; Farris v. Dudley, 78 Ala. 126; Drake v. Ensley R. Co., 102 Ala. 508, 14 So. 749, 24 L. R. A. 64, 48 Am. St. Rep. 77; S. A. & M. Co. v. Buford, 106 Ala. 303, 17 So. 395; C. of G. v. Windham, 126 Ala. 560, 28 So. 392.

BOULDIN, J. The action is in damages for injury to plaintiff's premises by the obstruction or destruction of an alleged public road. Plaintiff's residence lot fronted some 140 yards on the railroad right of way. A roadway over the unoccupied portion of the right of way passed in front of plaintiff's premises. The defendant company enlarged or widened its fill or embankment to cover the entire right of way, thus covering up and destroying this roadway. Damages are claimed for cutting off the means of ingress and egress to plaintiff's property, for dumping rock and dirt over the line destroying plaintiff's fence, and for diverting the flow of surface waters upon plaintiff's premises.

[1] The main issue of fact submitted to the jury was whether this was a public road. Some evidence tended to show that this road, known as Sterrett Cemetery road, existed and was in use by the public as far back as 1880, prior to the location and construction of the railroad in 1887. Without material conflict the evidence further showed that this road crossed the right of way of the defendant company twice, on the east and on the west of plaintiff's premises, and that defendant maintained crossings over its tracks at these points with the usual crossing signs; that the public had used this road continuously for more than 20 years, probably more than 40 years. There was evidence that the road was worked by the overseer of public roads from time to time. Some testimony, negative in character, tended to controvert this feature of plaintiff's evidence.

As for the affirmative charge requested by defendant, its refusal may be justified upon evidence sufficient to make a jury question as to a dominant easement in favor of the public at the time defendant acquired its right of way, recognized and acquiesced in by the maintenance of public road crossings.

If, as argued, a highway by prescription depended upon actual notice to the railway company of a public user as matter of right, and not in recognition of a superior right in defendant, the evidence afforded ground for inference of such actual notice. The affirmative charge was not due defendant if we concede the legal premises so argued.

The court, in his oral charge, instructed the jury:

" 'Where the public uses a road for 20 years or more, claiming the right to do so, regardless of the rights of the owners of the land, or the owner of any other easement in the land, if that is continuous, uninterrupted, under some claim of right to use it as a public highway, if that continues for 20 years or more, it ripens into a right, a legal right to use it as a public highway, and would be a public road, just the same as if it had been established by the authorized authorities; but, if the public merely used it by permission of the owner, then it would not be a public road any longer than the owner of the property, or the person having the right to the possession of it, permitted it to be done. * * * But, if the public uses the right of way or road without regard to the right of the other party interested, and claiming the right to do so during 20 years or more, and. that is uninterrupted and continuous, it would ripen into a legal right to continue to use it as a public road.' "

These instructions are assigned for error. The point raised seems to be that no highway by prescription is created by a continuous user under claim of right, unless it be affirmatively shown that notice of the adverse or hostile claim of the public was brought home to the defendant.

[2] The rule is declared that the continued use of the unoccupied portion of a railroad right of way by the owner of the fee, or by a third person placing structures thereon, is presumed to be in recognition of the superior easement of the railway company, merely permissive, and such possession does not become adverse until notice is brought home to the railway company of a hostile claim. The statute of limitations does not begin to run until such notice appears. Alexander City Co. v. Central of Ga. Ry. Co., 182 Ala. 516, 62 So. 745; A. G. S. R. R. Co. v. McWhorter, 202 Ala. 455, 80 So. 839; Seaboard Air Line Ry. Co. v. Banks, 207 Ala. 194, 92 So. 117.

[3] As a general rule it seems now settled in this state that an open, defined roadway, in continuous use by the public as a highway, without let or hindrance, for a period of 20 years, becomes a public highway by prescription. With qualification as to wild, unused, and uninclosed lands, a presumption of dedication or other appropriation to public use arises. The burden is on the landowner to show the user was permissive only, in recognition of his title and right to reclaim the possession. Locklin v. Tucker, 208 Ala. 155, 93 So. 896; Rosser v. Bunn, 66 Ala. 89; L. & N. R. R. Co. v. Malchow, 216 Ala. 656, 114 So. 53.

It seems generally accepted that a highway by prescription may be acquired over the right of way of a railway company, no federal grant for railroad purposes being involved, as appeared in the Malchow Case. 29 C. J. 387. That such right of way, not in use for railroad purposes, may be the subject of adverse possession is recognized in cases first above cited.

[4] A railway right of way is declared more than mere easement. The important public use to which it is devoted requires that dominion extend to the limits of the right of way granted by law. The protection of tracks from falling timbers, maintenance of cuts, fills and drains, removal of combustible material to prevent spread of fires, are among the incidents of such right of way. Ejectment may therefore be maintained, even against the owner of the fee for the entire right of way, without showing any present need for actual occupancy. Seaboard Air Line Ry. Co. v. Banks, supra. We may add that the long existent authority of the railroad commission to require the fencing of right of ways is a legislative recognition of the right to full possession. Code, § 9635; Hines v. McMillan, 205 Ala. 17, 87 So. 691.

[5] Recurring to the matter of notice of use by the public under claim of right, there is a difference between adverse possession on the part of an individual and the public use as the basis of prescriptive right. It was early declared that technically there is no adverse possession by the public to put in operation the statute of limitations of 10 years, and therefore the longer period of 20 years is required for a highway by prescription. Rosser v. Bunn, 66 Ala. 89.

A traveler on a highway, open for the purpose, has no occasion to inquire over whose land the road lies, nor to give notice of his claim of right to use it. The continuous user by the public carries notice of its nature. We find no fault, therefore, in the definition of a highway by prescription as given by the trial court. L. & N. R. R. Co. v. Malchow, 216 Ala. 656, 114 So. 53.

[6] There was evidence that the new embankment caused surface waters to be cast upon plaintiff's lands, to his injury, which did not theretofore flow upon them. Counter evidence tended to show that by nature plaintiff's lands were lower, but that the roadway itself, by erosion or grading, had made a channel carrying off the water flowing from the right of way.

Appellant denies liability under such conditions upon the ground that the superior proprietor is under no duty to maintain artificial drains on his own land to prevent the natural flow of waters onto the servient lands. The argument misses the mark. If defendant unlawfully filled up the highway and as a proximate result of this wrongful act so altered the existing drainage status as to injure plaintiff's premises, it is liable.

[7] Evidence of working the road by the overseer as a public road was properly received. In collateral inquiries, and in the absence of contrary evidence, acts of public authorities are presumed to be in the line of duty. The fact of public maintenance of the road was a circumstance going to its character as a public highway. Locklin v. Tucker, 208 Ala. 155, 93 So. 896.

[8] The question propounded to plaintiff by his counsel, "Was that a public road?" and his answer, "Yes," were improperly allowed over the objection of defendant. Public road vel non was an issue for the jury, a mixed question of law and fact, to be determined upon the evidence under proper instructions. The opinion or conclusion of the witness upon this issue was inadmissible. We do not hold that, where the existence of a public road arises only incidentally, or where the testimony means no more than that the road is used by the public, a witness may from his knowledge in many cases state as a fact that it is a public road. But not so where the direct issue involves the inquiry whether the road is in law a public highway.

For this error the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.