### UNITED STATES v. STANGE.

District Court, W. D. Wisconsin.
Sept. 26, 1930.

Stanley M. Ryan, U. S. Dist. Atty., of Janesville, Wis., and Frank D. Strader, Sp. Attys., Bureau of Internal Revenue, of Washington, D. C., for the United States.

F. J. Smith, of Merrill, Wis., and Robert A. Littleton, of Washington, D. C., for defendant.

LUSE, District Judge.

The cause was submitted on an agreed statement of facts and a jury waived. The facts stated in the stipulation are adopted as the court's findings of fact. The controversy arises over dividends declared and paid to the defendant by the A. H. Stange Company pursuant to a resolution of the directors as follows:

"Whereas, * * * prior to the enactment of the Federal Income Tax Laws our mill and factory plant account which for a number of years had been carried at the nominal sum of $25,000 * * * and

"Whereas, in order to establish a proper basis of accounting due to said loss, it was necessary to raise the value of our mill and factory plant from $25,000 to a fair value of $150,000, as shown by entry on our books under date of February 13, 1912, and

"Whereas, said increased valuation was on said date erroneously credited to 'surplus account', be it

"Resolved, That we charge 'surplus account' with the said sum of $125,000 and place this amount to the credit of the stockholders, to be paid to the stockholders when

and as directed by the officers or directors, and the Secretary is hereby instructed to have proper entries made on the books of the company under date of January 27, 1917, to conform herewith."

That resolution was adopted January 27, 1917, and on that date there was credited to defendant's account, on the books of the company, his proportionate share of the $125,000 and payments were made by the corporation to the defendant in liquidating his share on August 8, 1917, September 5, 1917, and of $7,000 on November 20, 1918, and $5,857.14 on January 13, 1919. Defendant omitted the last two items from his income returns for the years 1918 and 1919, respectively. If they are taxable as income as of those years, there is no dispute but that the amounts sought to be recovered herein are correct. Prorating the earnings or profits of the A. H. Stange Company in each of the years 1917, 1918, and 1919 to the dates of payments of said dividends, respectively, there were more than sufficient most recently accumulated undivided profits in 1917 and earnings or profits in 1918 to pay the amounts of said dividend at the dates respectively when actually paid to the defendant by the A. H. Stange Company in the years 1917, 1918 and 1919.

Defendant endeavors to distinguish this case from Mason v. Routzahn, 275 U. S. 175, 48 S. Ct. 50, 72 L. Ed. 223, Lewellyn v. Harbison, 31 F.(2d) 740 (C. C. A. 3d), and U. S. v. Phillips, 24 F.(2d) 195 (C. C. A. 3d), on the ground that the dividend was credited to defendant's individual account on January 27, 1917, which constituted a distribution made within the meaning of section 31(b) of the Revenue Act of 1916 (as added to by section 1211 of the Act of October 3, 1917, 40 Stat. 300, 337, 338), prior to August 6, 1917, and hence the distribution should be considered as made from profits accumulated prior to March. 1, 1913, and exempt from tax. It is considered, however, that the method of bookkeeping employed may not override the plain terms of the resolution which placed in the hands of the officers or directors the authority to determine when and how the payment of the dividend should be made. Granting the contention that such payment could not be postponed beyond a reasonable time, it is to be noted that the corporation has made the payments presumably in compliance with the resolution and such payment should be deemed a practical construction and an interpretation of the resolution, under which the $7,000 dividend was paid to

defendant November 20, 1918, and the $5,857.14 dividend on January 13, 1919. In principle there is no distinction seen between this case and one in which the dividend was declared in January, 1917, payable in installments, two of which were payable at the times these were paid. If this be correct, the rule enunciated in the cases cited is fully applicable and the distribution occurred when the payments were made and not when the dividend was declared. It is so held.

The Commissioner so held and determined there were deficiencies for the years 1918 and 1919 in the sums here in controversy. Defendant appealed to the Board of Tax Appeals, three members of which (apparently a division of the Board) on March 18, 1925, filed a document containing three headings: "Findings of Fact," "Decision," and "Opinion." Under the heading "Decision" appears the following paragraph:

### Decision.

"The determination of the Commissioner is disapproved and the Board determines that no part of the dividend declared on January 27, 1917, is taxable to the taxpayer herein as income. The amount of the deficiency to be assessed will be settled on consent or on seven days notice under Rule 50."

On June 22, 1925, apparently pursuant to the last sentence in the "Decision," one member of the division of the Board signed and filed an "Order Settling Determination," which, after reciting the decision of the Board on March 18, the filing by the Commissioner of notice of settlement, and a proposed determination, no objections by the taxpayer, proceeds: "Ordered, that there is no deficiency in tax due from the taxpayer for the years 1917, 1918 and 1919."

Thereafter the Commissioner acquiesced in the ruling of the Board and in Internal Revenue Bulletin IV, No. 30, page 1 (July 27, 1925), made a public announcement of such acquiescence. On March 4, 1926, the Commissioner withdrew his acquiescence, which was published in the Bulletin, vol. 5, No. 12, March 22, 1926. The Commissioner in both instances acted upon advice of the Solicitor of the Internal Revenue and also caused this action to be brought, in which a summons was issued and placed in the hands of the marshal for service on defendant on March 18, 1926, but the summons named the defendant as "A. H. Spanze" and was attempted to be served by a delivery of a copy to C. H. Stange, the son of defendant, at

the office of the corporation on March 25, 1926.

Defendant claims: (1) That the law gives the Commissioner the right to elect to acquiesce or to start action, and having elected to acquiesce, his decision became final and not subject to withdrawal; (2) that this action is barred by section 274(b) of the Revenue Act of 1924 (26 USCA § 1049 note), which provides, in part: "No part of the amount determined as a deficiency by the commissioner but disallowed as such by the board shall be assessed, but a proceeding in court may be begun, without assessment, for the collection of any part of the amount so disallowed. * * * *Such proceeding shall be begun within one year after the final decision of the board,* and may be begun within such year even though the period of limitation prescribed in section 277 has expired."

Reverting to the contention that the acquiescence of the Commissioner was not subject to withdrawal, the court is of opinion that Rev. St. § 3229 (26 USCA § 158), empowering the Commissioner to compromise civil or criminal cases with the advice and consent of the Secretary of the Treasury, is inapplicable not only because it was not proceeded under, but also because in this instance there was no compromise—no mutual concession. Furthermore, no statutory authority for promulgating or making a record of the Commissioner's acquiescence exists so far as the court is advised. The statutory scheme contemplates either acquiescence of the Commissioner which continues more than a year, or the beginning of action within that time. If acquiescence lasts out the year, the right of action is barred; otherwise it is not. There being no provision of law giving effect to acquiescence for a less period than one year, the announcement of it had no binding force and withdrawal thereof could be made at any time within the year.

Turning to the questions whether the toll of the one-year limitation commenced on March 18 or June 22, 1925, the statutory plan seems to be plain. As indicated in the above statement, the findings and decision of March 18 seem to have been made by a division of the Board and the order settling determination, pursuant thereto, on June 22, by one of the division. Whether the final decision was delayed thirty days by force of the provisions of section 900(f) of the Revenue Act of 1924 (26 USCA § 1217 note): "Upon the expiration of thirty days after a decision by a division, such decision, and the findings of fact made in connection therewith, shall become the final decision and findings of the board, unless within such period the chairman has directed that such decision shall be reviewed by the board," has not been argued by counsel. In fact, the stipulation of facts states: "On March 18, 1925, said Board of Tax Appeals made findings of fact and rendered a decision and opinion." However, copies of same including the findings are attached and by reference made a part of the stipulation, "the same as if set out in full." Thus the stipulation in effect characterizes the decision as that of the Board. Defendant's counsel entered their formal appearance herein by notice dated March 29, 1926, and served an answer on April 12, 1926, so that all irregularities in the name of defendant and in insufficient service of the summons upon him were cured and defendant had appeared in court, prior to April 17, before the thirty-day delay mentioned expired. It would seem therefore that if the court is correct in its inference from the fact that but three members of the Board decided this appeal, their decision was that of a division, rather than that of the Board, that this action was brought sufficiently early to avoid the limitation of one year.

However, it being quite within the possibilities that the court in its own survey has overlooked either factual items or statutory provisions applicable, it is deemed best to meet the question upon the grounds presented by counsel.

Section 900(h) of the Revenue Act of 1924 (26 USCA § 1219 note) authorizes the Board of Tax Appeals to prescribe rules of evidence and procedure, and under this authority rule 50 was promulgated and effective at the time now under consideration. By that rule procedure is outlined, following a decision by the Board directing the computation of a deficiency in an indicated manner, and in a general way may be said to contemplate the exchange and filing by the parties of proposed determinations, the appearance of the parties on the day stated, and the settlement of determinations at that time.

Under sections 273 and 274 of the Revenue Act of 1924 (26 USCA §§ 1047, 1048 note, 1049 note, 1050 note, and 1051 note), deficiencies, and determinations, and assessments of deficiencies are contemplated to be stated in terms of sums of money. There is no gainsaying that the decision of March 18. 1925, with the phrase, "the amount of the deficiency to be assessed will be settled on

consent or on seven days notice under Rule 50," clearly contemplated additional action by the Board subsequent to the entry of its findings, decision, and opinion on that day. It is true that because of the narrowness of the question in dispute, which in this instance amounted to little more than a question of law, that which remained to be done was ministerial in its nature and concerning it no dispute could well arise. However, that is because of the nature of this particular controversy and does not affect the character of the decision of March 18 as preliminary and its order "settling determination," of June 22, as its final decision in the matter.

The analogy contended for by defendant's counsel, between the mandate of a Circuit Court of Appeals to a District Court to enter a judgment or decree not inconsistent with its decision, discussed in Moore v. N. Y. Cotton Exchange, 270 U. S. 593, 46 S. Ct. 367, 70 L. Ed. 750, 45 A. L. R. 1370, Gulf Refining Co. v. U. S., 269 U. S. 125, 46 S. Ct. 52, 70 L. Ed. 195, and Rio Grande Western R. R. Co. v. Stringham, 239 U. S. 44, 36 S. Ct. 5, 60 L. Ed. 136, is not so close, as I view it, as the analogy between these findings and this opinion, and the judgment to be entered thereon in this court. While a reading of this opinion would indicate clearly what judgment is to be entered, no one would claim that the filing of this opinion was the final decision of this court. Judgment of the court entered pursuant to directions given in this opinion will be its final decision setting the time for appeal to run.

It is true that in section 900(h) of the Revenue Act of 1924 we find the requirement that the Board shall "make a report in writing of its findings of fact and decision in each case." But in section 274(b) of the act we find that the year within which the Commissioner must begin suit begins to run upon the "final decision" of the Board. Hence no escape is seen from the conclusion that the Board had ample authority to promulgate rule 50, governing the procedure after a decision of the Board looking toward the settlement of the result of its findings, preliminary decision, and opinion, in the final decision stating those results in sums of money as contemplated by section 274 of the act. No doubt this is what was done in this case, and the final decision was rendered June 22, 1925, and this case begun well within the year's limitation.

Judgment may be entered in favor of the plaintiff and against the defendant in the sum of $2,096.68, with interest at 6 per cent. on the sum of $1,137.01 from March 15, 1919, and on the sum of $959.67 from March 15, 1920, together with costs of the action.