140 So. 751

### WILLIAMS v. BURT et al.

6 Div. 957.

Supreme Court of Alabama.

March 31, 1932.

W. H. Woolverton, of Birmingham, for appellant.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellees.

BOULDIN, J.

The bill is to enjoin the obstruction of an alleged public alley.

Complainant relies upon the rule of prescription as applied to public roadways.

The evidence was heard orally by the trial court, and relief was denied.

This appeal involves a review of the evidence.

The alley in question is 10 feet wide and 190 feet long, connecting at the west end with Fifteenth street in Birmingham, and with a public alley 20 feet wide at the east end. It is on or about the boundary line between lots 6 and 7 of block 12 of the original Ware survey and plat which was duly recorded.

Complainant, Mattie F. Williams, owns the south portion of lot 6, running the full distance from Fifteenth street to the 20-foot alley. The 10-foot alley in question runs alongside and south of her property.

Respondents, Will and Lettie Burt, own the north portion of lot 7, fronting on Fifteenth street, and running back east with this alleged alley 90 feet.

Complainant's evidence is to the effect that for twenty-five to thirty years this 10-foot alley has been in the open continuous use of the public as a roadway without let or hindrance on the part of the adjoining property owners; that during this period, and long before either of the present owners acquired the adjoining property, said properties have been improved and this alley left open, a fence being maintained on each side thereof; that, back of a residence on the Williams' property fronting on Fifteenth street, another residence has always fronted on this 10-foot alley, which has been the means of ingress and egress thereto from Fifteenth street and the rear 20-foot alley.

We find no substantial evidence controverting the positive evidence of complainant's witnesses as to the facts above. Mr. Burt denies a fence ran all the way on his side of this alley at the time of his purchase, but admits such fence stood alongside the rear part of his lot, and was removed by him when he inclosed the alley with his lot and obstructed passage a short time before suit filed.

Respondent's contention seems to be that this alleged alley is wholly on lot 7, was conveyed by his deed; that it was merely a private alley belonging to him, and any other user was permissive merely.

In studying this contention, we note that, in the deed made to respondents by Mrs. Drennen in 1927, the granting clause covered the "north 33 feet of west 90 feet of lot 7," and there are full covenants of warranty "excepting the title to the north 10 feet of said 33 feet over which said north 10 feet an alley runs, and the north 10 feet is not included in the covenants of warranty herein." This quoted exception recognizes the existence of this 10-foot alley, and for that reason merely passes a quitclaim title to the land in the alley. This is not in harmony with the view that this was a private alley of the grantor, but is a protection to the grantor against any rights held by others in this alley. Again, because of this alley, it appears that Mr. Drennen, respondent's grantor, in subdividing his frontage in lot 7, made this lot 33 feet, and the others 25 feet each in width.

While the grantor and grantee in respondent's deed clearly appear, on their parts, to have considered the entire 33 feet, including this alley, to be part of lot 7, and other evidence for respondent is to like effect, complainant's witness Farley took a different view, contending that this alley is in part on original lot 6; consists of a strip taken from each of lots 6 and 7.

This brings us to look into this question in the light of the documentary evidence.

The description of Mrs. Williams' property in her deed, admittedly the same as that in the bill, shows a location of an initial point according to the original Ware survey, from which she is conveyed a definite frontage on Fifteenth street of 69.4 feet.

Comparing these measurements with those of the original Ware survey, also appearing

444

in the record, it appears her southern boundary is 3.6 feet north of the southern boundary of lot 6; that 3.6 feet of lot 6 are in the 10-foot alley.

Again, taking the measurements of the frontage of lot 7 as per private survey and plat made for Mr. Drennen in 1928, as compared with the original Ware survey, it appears the original lot 7 had a frontage on Fifteenth street of 180 feet, but the later plat shows a total frontage of 183.3 feet. Thus, it appears the total frontage of the block by these later measurements varies only three-tenths of a foot from the original Ware survey.

The weight of the evidence, therefore, is to the effect that 3.6 feet, or, in any event, 3.3 feet, of the alley width come off the south side of lot 6.

Taking the substantially uncontradicted evidence as to public user of a defined open roadway between improved properties, extending back of twenty years without any objection or hindrance thereto, in connection with the admittedly correct documentary evidence, we cannot concur in the view that this obstructed alley is a part of respondents' private property, free of a public easement, a public alley 10 feet wide as alleged. Central of Ga. Ry. v. Faulkner, 217 Ala. 82, 114 So. 686; Locklin v. Tucker, 208 Ala. 155, 93 So. 896; Rosser v. Bunn & Timberlake, 66 Ala. 89; Steele v. Sullivan, 70 Ala. 589.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.